IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERI CASTALDO on behalf of herself and all other persons similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>UNCLE JULIO'S CORPORATION and UNCLE JULIO'S OF ILLINOIS, INC.,<br><br>Defendants. | Case No. 15-cv-9176<br><br>Judge Blakey<br><br>Magistrate Judge Finnegan |

**DEFENDANTS' UNOPPOSED MOTION TO APPROVE SETTLEMENT**

Defendants, UNCLE JULIO'S CORPORATION and UNCLE JULIO'S OF ILLINOIS, INC., for their Unopposed Motion to Approve Settlement, state as follows[1]:

**Procedural History and the Parties' Settlement**

1. On October 16, 2015, Plaintiff filed a Complaint on behalf of herself and other similarly situated tipped employees who worked for Defendants Uncle Julio's Corporation and Uncle Julio's of Illinois, Inc. under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' alleged failure to pay Plaintiff and other similarly-situated restaurant servers all earned minimum wages. ECF No. 1.

2. Plaintiff claimed that Defendants violated the FLSA by failing to inform her and other servers and bartenders ("tipped employees") of the provisions of the tip-credit subsection of the FLSA and violated the FLSA and IMWL by requiring her and other tipped employees to

---

[1] Plaintiffs' Counsel has reviewed this motion and agrees with its substance.

4818-7846-5598.1

1

perform non-tipped work that is unrelated to the their tipped occupation and work that, although related to the their tipped occupation, exceeds 20 percent of the time they worked each week. *See, e.g.,* 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection"); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (Posner, J.) (explaining that when tipped employees perform "non-tipped duties" that "are ***unrelated*** to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work") (emphasis added).

3. Defendants filed an Answer to the Complaint on December 9, 2015, wherein they denied the substance of Plaintiff's averments and asserted that she, and all similarly situated individuals, were treated appropriately under the FLSA and the IMWL. ECF No. 17.

4. On March 16, 2016, the Parties filed a Joint Motion for Step One Certification of Plaintiff's Collective Action Minimum Wage Claim under Section 16(b) of the FLSA. ECF No. 38. That motion was granted by this Court and Plaintiff's counsel, with the assistance of their party administrator, sent opt-in notice to tipped employees employed by Defendants.

5. After the notice process was completed, a total of 396 persons, not including the Named Plaintiff, filed consent forms to become party-plaintiffs.

6. Thereafter, the parties exchanged documents and other information regarding their respective litigation positions. In particular, Defendants provided Plaintiff with pertinent wage and payroll information for each opt-in plaintiff, as well as other relevant evidence regarding its payroll policies and practices. Plaintiff provided affidavits and other evidence related to and supporting the claims made in the lawsuit.

7. Using Defendants' time and payroll data, the Parties prepared and exchanged damage exposure models and their views on the correct methodology to calculate the owed minimum wages, if any.

8. On November 2, 2016, the parties engaged in a day-long mediation session with a highly regarded mediator, Lynn Cohn, and reached a settlement of the lawsuit. Additional details related to the resolution of the lawsuit are set forth in the Joint Stipulation of Settlement which has been separately submitted to the Court.

9. The settlement was reached in order for all parties to buy their respective peace and to avoid further litigation costs.

**Standard for Approval of FLSA Only Settlements**

10. In the Seventh Circuit, and throughout the country, a one-step approval process is appropriate in FLSA settlements that do not include Rule 23 classes.[2] This is because collective actions under Section 216(b) of the FLSA do not implicate the same due process concerns as Rule 23 class actions. Collective actions under Section 216(b) require workers to affirmatively

---

[2] *See, e.g.*, *Briggs et al v. PNC Financial Services Group, Inc.*, No. 15-10447, ECF No. 113 (N.D. Ill. 2016); *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016) ("A one-step settlement approval process is appropriate[]" in FLSA settlements.); *Watson v. BMO Fin. Corp.*, No. 15 Civ. 11881, ECF No. 39 (N.D. Ill. July 11, 2016); *Besic v. Byline Bank, Inc.*, No. 15 Civ. 8003, ECF Nos. 22, 34 (N.D. Ill. Oct. 26, 2015); *Prena v. BMO Fin. Corp.*, No. 15 Civ. 9175, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015) ("One step is appropriate because this is an FLSA collective action, where collective members must affirmatively opt-in in order to be bound by the settlement (including the settlement's release provision)."); *Roberts v. Apple Sauce, Inc.*, No. 12 Civ. 830, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014); *Campbell v. Advantage Sales & Mktg. LLC*, No. 09 Civ. 1430, 2012 WL 1424417, at *1 (S.D. Ind. Apr. 24, 2012); *Raymer v. Mollenhauer*, No. 10 Civ. 210, 2011 WL 338825, at *1 (N.D. Ind. Jan. 31, 2011); *see also Blum v. Merrill Lynch & Co.*, No. 15 Civ. 1636, ECF No. 142 (S.D.N.Y. May 6, 2016); *Anwar v. Transp. Sys., Inc.*, No. 13 Civ. 2666, ECF No. 134 (S.D.N.Y. Nov. 17, 2014); *Bozak v. Fedex Ground Package Sys., Inc.*, No. 11 Civ. 738, 2014 WL 3778211, at *2 (D. Conn. July 31, 2014); *Dixon v. Zabka*, No. 11 Civ. 982, 2013 WL 2391473 (D. Conn. May 23, 2013); *Aros v. United Rentals, Inc.*, Nos. 10 Civ. 73, *et al.*, 2012 WL 3060470 (D. Conn. July 26, 2012); *Powell v. Lakeside Behavioral Healthcare, Inc.*, No. 11 Civ. 719, 2011 WL 5855516, at *1 (M.D. Fla. Nov. 22, 2011).

opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 class action. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 771-72 (7th Cir. 2013); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA."). Under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date." *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated on other grounds by Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). Accordingly, courts do not apply the exacting standards for approval of a class action settlement under Rule 23 to FLSA settlements. *See, e.g., Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013); *see also Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (discussing due process concerns present in Rule 23 class action that are not present in FLSA collective actions); *Koszyk*, 2016 WL 5109196, at *1. There is no need to require that the settlement provide for opt-outs or objections where individuals are not part of the settlement unless they decide to participate in it. *See Prena*, 2015 WL 2344949, at *1; *Woods*, 686 F.2d at 580 ("The difference between a Rule 23 class action and a section 16(b) class action is . . . that in the latter the class member must opt in to be bound, while in the former he must opt out not to be bound.").

**The Settlement Is Fair and Reasonable and Should Be Approved**

11. The Court's role in approving a settlement of FLSA claims is limited: to ensure that it represents a fair settlement of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54* (11th Cir. 1982). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Id.; Clark v. Ecolab, Inc.,* Nos. 07 Civ. 8623 (PAC), 04-4488, 06-5672, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable compromise over contested

issues, the court should approve the settlement. *Id.; In re EVCI Career Colls. Holding Corp. Sec. Litig.,* No. 05 Civ. 10240(CM), 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007) ("Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement.")

12. The settlement in this case is fair, as the settlement amount represents a reasonable percentage of the maximum value of the case for Named Plaintiff and each opt-in plaintiff, since it represents a reasonable compromise of this litigation. For example, Plaintiff Castaldo gave sworn testimony that she spent at least 25 percent of her work as a tipped employees performing job duties during which there was no customer interaction and could not earn a tip. Other opt-in Plaintiffs testified similarly. The gross settlement amount, even after deducting the reasonable attorneys' fees requested by Plaintiff's counsel, reflects a tip-credit forfeiture of approximately 19.4 percent of all hours worked by opt-in plaintiffs during the applicable limitations period. Thus, the settlement reflects approximately 78 percent of what Plaintiff and opt-in Plaintiffs could reasonably have expected to have recovered in owed wages if they prevailed at trial. *See Greko v. Diesel U.S.A., Inc.*, No. 10-cv-02576NC, 2013 WL 1789602, at *5 (N.D. Cal. Apr. 26, 2013) (wage case settlement awarding 24% of potential damages to class was "reasonable" and "beneficial"); *Rotuna v. W. Customer Mgmn. Grp., LLC,* 4:09CV1608, 2010 WL 2490989, at *8 (N.D. Ohio June 15, 2010) (awarding one-third of common fund as fee in wage case and describing recovery of amounts in excess of 25% of claimed wages as 'exceptional').

13. The settlement also represents a fair resolution of a bona fide dispute. There is no doubt that the settlement was a product of litigation and the result of an adversarial process.

14. The parties agree that the amount and other details regarding the settlement, aside from the fact of settlement, should remain confidential.

15. Therefore, the parties have submitted to the Court, but have not filed, a copy of the Joint Stipulation of Settlement and a draft Order Approving Settlement. The parties request that the Court review the Stipulation and make a finding that the settlement is a fair and reasonable resolution of a bona fide dispute, and dismiss this case. The parties further request that the Court award Plaintiff's counsel their reasonable attorneys' fees and litigation costs, as detailed in Joint Stipulation of Settlement, and award the Settlement Administrator its reasonable fees incurred in administering the settlement.

WHEREFORE, Defendants, UNCLE JULIO'S CORPORATION and UNCLE JULIO'S OF ILLINOIS, INC., with no objection by Plaintiff, respectfully request entry of an order dismissing this matter pursuant to settlement, including a finding that the settlement is a fair and reasonable resolution of a bona fide dispute.

s/ Andrew S. Naylor
Andrew S. Naylor
Robert E. Boston (admitted *pro hac vice*)
Stanley E. Graham (admitted *pro hac vice*)
Brittany R. Stancombe (admitted *pro hac vice*)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37027
(615) 244-6380

Thomas Michael Wilde
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601
(312) 609-7500

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served via the court's ECF filing system to:

      Brian Scott Schaffer
      Fitapelli & Schaffer, LLP
      475 Park Avenue South, 12th Floor
      New York, NY 10016
      (212) 300-0375

      Douglas M. Werman
      Maureen A. Salas
      Sarah J. Arendt
      Zachary Cole Flowerree
      Werman Salas P.C.
      77 W. Washington Street, Suite 1402
      Chicago, IL 60602
      (312) 419-1008

      *Attorneys for Plaintiff*

this the 20th day of December 2016.

                                        s/ Andrew S. Naylor